IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DeSHAWN REGAN, B87010, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 24-cv-1693-DWD |
| JOHN DOE 1, | ) | |
| JOHN DOE 2, | ) | |
| JOHN DOE 3, | ) | |
| JANE DOE 1, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff DeShawn Regan, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard).   (Doc. 1). Specifically, Plaintiff alleges that the defendants exhibited deliberate indifference when they refused to offer emergency medical aid for breathing problems and chest pain, and instead opted to wheel Plaintiff back to his cell.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff alleges that he began to experience extreme asthma attacks in early June of 2022.  On the night of June 10, 2022, he began experiencing extreme pain and difficulty breathing.  A lieutenant responded to his cell (John Doe 3), and within a few minutes he returned with correctional officers (John Does 1-2) and a wheelchair.  (Doc. 1 at 10). Plaintiff was escorted to the healthcare unit where a nurse (Jane Doe 1) checked his vitals and administered a breathing treatment and steroid shot.  The nurse then re-checked his vitals and determined he could return to his housing unit.  During the trip back to the housing unit, with the same lieutenant and correctional officers (John Does 1-3) who escorted him for medical care, Plaintiff again began to experience extreme chest pain and trouble breathing.

Plaintiff alleges he made it about 15 steps before he collapsed on the ground.  He informed the staff that he could not breathe, and his chest felt like it was going to explode. A correctional officer (John Doe 1 or 2) asked the lieutenant (John Doe 3) for guidance, and the lieutenant indicated he did not want to do overtime, so his preference was to return Plaintiff to his cell for the next shift to address his problems.  The lieutenant instructed the others to get a wheelchair from the nurse (Jane Doe 1), and Plaintiff was wheeled back to his cell.  (Doc. 1 at 11).  Plaintiff alleges that his chest pain, trouble breathing, and extreme headaches persisted.  (Doc. 1 at 12).

Between July 12 and 14, 2022, Plaintiff again attempted to seek medical care, to no avail.   However, on the night of July 14, 2022, Plaintiff was finally able to secure emergency medical attention and he was transferred to the hospital.  A doctor informed him that he was suffering from acute hypoxemia.  Over time, Plaintiff's condition improved with treatment, although he still had some difficulty with physical activities.

Plaintiff describes John Does 1 and 2 as correctional officers who assisted on June 10, 2022, John Doe 3 as the lieutenant who assisted that night, and Jane Doe 1 as the nurse who assisted.  He faults all defendants for failing to render adequate care for a serious medical condition.  He seeks declaratory relief, a permanent injunction precluding his return to Menard (he is now at Lawrence Correctional Center), and monetary damages.

Based on the allegations in the Complaint, the Court designates the following counts:

> **Claim 1:**   **Eighth Amendment deliberate indifference claim against Defendants John Does 1-3 for failing to provide adequate medical treatment for Plaintiff's serious chest pain and shortness of breath on June 10, 2022;**

> **Claim 2:**   **Eighth Amendment deliberate indifference claim against Jane Doe 1 for failing to render adequate medical care on June 10, 2022.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.**  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

**Analysis**

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). "Every claim by a prisoner that he has not received adequate medical treatment is not a violation of the Eighth Amendment." *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). To determine if a medical professional acted with deliberate indifference, courts look to the provider's subjective state of mind. *Id.* at 728. An inmate need not show that a doctor explicitly intended harm or believed it would occur, but he must show more than negligence, medical malpractice, or even objective recklessness. *Id.*

In general, a plaintiff satisfies the objective component of the deliberate indifference inquiry with evidence that a physician has diagnosed a medical condition as requiring treatment, "or the need for treatment would be obvious to a layperson." *Lockett v. Bonson*, 937 F.3d 1016, 1022–23 (7th Cir. 2019) (quotations and citations omitted). "A condition can be 'obvious' to a layperson even where he or she is unable to diagnose or properly identify the cause of an observed ailment." *Orlowski v. Milwaukee Cnty.*, 872 F.3d 417, 423 (7th Cir. 2017).

Here, Plaintiff's allegations are sufficient against all the defendants at this preliminary juncture. Although John Does 1-3 initially escorted Plaintiff to the medical unit, when he collapsed with a relapse of symptoms, he alleges that they refused to render aid. As for Jane Doe 1, although she initially provided treatment, he alleges that she could

have intervened when she realized that he collapsed, but instead she simply provided a wheelchair so that Plaintiff could be escorted back to the medical unit. These allegations are sufficient to give rise to a plausible claim of deliberate indifference at this preliminary juncture.

Because all Defendants are John or Jane Doe defendants, the Court will add the Warden of Menard to this lawsuit in his official capacity to assist with the identification of the Does. To that end, Plaintiff must **file a notice with the Court within 21 days** providing descriptive information about the Does such as: physical description (height, hair color, build, etc.), dates of interaction, job title, or any other characteristic that might help to identify John Does 1-3 and Jane Doe 1. Once the counsel appears on behalf of the Warden, the Court will then set a deadline for the Warden to respond to Plaintiff's information.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against John Does 1-3, and **Claim 2** survives as to Jane Doe 1. The Clerk of Court is **DIRECTED** to also **ADD** the Warden of Menard in official capacity, because Plaintiff seeks injunctive relief, and the Warden would be the proper party to implement any such relief, and to assist with John Doe identification.

The Clerk of Court is **DIRECTED** to prepare for the Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to

Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.  However, the Warden need not file an answer because he or she has been added solely because Plaintiff seeks eventual injunctive relief.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff shall have 21 days to file a notice with the Court describing John Does 1-3 and Jane Doe 1. Failure to do so may result in the dismissal of this matter for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 6, 2024

_____
DAVID W. DUGAN
United States District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important

information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.